WHITE, Circuit Judge
(concurring).
Because I am not convinced that the waiver was procedurally valid,[1] I would decide this case on the merits.
Zumot’s lone argument on appeal is that the district court's decision to deny his request for a downward departure based on his age, infirmity and health was erroneous given the court’s reliance on four-year-old medical information about him. Zumot asserts that without complete and up-to-date information, the district court lacked the necessary foundation to reach a reasoned and reasonable determination regarding whether he suffered from exceptional impairments.
Zumot acknowledges that he did not object to the original PSR (prepared in 2004), or to the letter updating the PSR (prepared in 2008). Although at sentencing Zumot made arguments based on his medical condition, he supplied no updated documentation and did not request an opportunity to do so. Thus, our review is for plain error. United States v. Bostic, 371 F.3d 865, 873 (6th Cir.2004), United States v. Vonner, 516 F.3d 382, 385 (6th Cir.2008).
Zumot cites Bostic in support of his argument. This court noted in Bostic,
the district court effectively granted an eleven-level downward departure based upon Bostic’s age and infirmities. As Tocco [United States v. Tocco, 200 F.3d 401 (6th Cir.2000),] makes clear, age alone cannot justify a substantial downward departure. Additionally, the district court granted the downward departure based only upon one letter from Bostic’s treating physician and the Physical Condition section of the PSR. Although numerous “physical infirmities” might justify a downward departure, Johnson [United States v. Johnson, 71 F.3d 539 (6th Cir.1995),] and Tocco indicate that a doctor’s letter and the “Physical Condition” section of the PSR are not sufficient evidence to justify a downward departure. Finally, the district *526 court made no findings regarding whether Bostic’s case is extraordinary, whether the BOP could accommodate Bostic, and whether home confinement would be equally efficient and less costly. Therefore, the district court erred by granting an eleven-level departure without sufficient evidence. If upon remand the evidence shows that Bostic’s case warrants a departure, the district court must still find that the reasons justify the magnitude of the departure selected.
Bostic, 371 F.3d at 875. In a footnote, the Bostic court noted:
As in Johnson and Tocco, we think it is appropriate for the district court [on resentencing] to “obtain independent and competent medical evidence to determine the extent of [defendant’s] infirmities and the prison system’s ability or inability to accommodate him.” United States v. Tocco, 200 F.3d 401, 435 (6th Cir.2000) (citing United States v. Johnson, 71 F.3d 539, 545 (6th Cir.1995).)
Bostic also made clear that “[u]nder the sentencing guidelines, age and health are disfavored factors that the district court may use as bases for granting a downward departure only in exceptional circumstances.” Bostic, 371 F.3d at 875, citing U.S.S.G. §§ 5H1.1 and 5H1.4. It is apparent that the district court followed Bostic in reaching the conclusion that Zumot had not made a sufficient showing to warrant a departure based on his age, infirmity, and health.
Lastly, Zumot cites no case, and my research yielded none, that supports that, absent an objection to the PSR and/or updated PSR, the district court should have sua sponte requested updated medical information (and adjourned sentencing until such was available.) Bostic does not address circumstances similar to those presented here. I conclude that Zumot has not shown plain error.

. The plea hearing transcript is clear that neither the district court nor the prosecutor referred to or informed Zumot, or determined that Zumot understood, that the plea-agreement included a waiver of the right to appeal. Fed. R.Crim. Pro. ll(b)(l)(N). Zumot spoke through an interpreter.